IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARYLAND CLEAN ENERGY CENTER, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | No. 25-1738C<br>(Senior Judge Smith) |

**<u>DEFENDANT'S MOTION TO STAY</u>**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court stay proceedings in this case pending *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.). In that case, plaintiffs ask the district court to declare unlawful the termination of Solar For All grants, vacate and set aside alleged termination directives, order the Environmental Protection Agency (EPA) to reinstate the Solar For All grant program, and enjoin EPA from making unavailable the funds previously obligated to plaintiffs under the Solar For All program—in effect, specific performance. In this case, the same plaintiffs ask the Court to decide the lawfulness of EPA's termination of the same Solar For All grant agreements, and to award damages for the alleged unlawful termination.

Plaintiffs are therefore burdening two federal courts with requests for two forms of mutually exclusive judicial relief. If plaintiffs obtain a final district court order requiring EPA to reinstate the grants, this Court would have no reason to decide the lawfulness of EPA's grant terminations or any related damages claims. On the other hand, if EPA prevails in the district court case, either on jurisdiction or on the merits, this Court can then determine the lawfulness of termination under the grants and any related damages. Principles of judicial economy strongly

1

favor a stay, and plaintiffs will suffer no prejudice from a stay.

If the Court denies our motion to stay, the United States respectfully requests that the Court extend the deadline to respond to the complaint (currently December 15, 2025) to 7 days from the date of the denial of a stay. This would be the United States' first request for an extension of the response deadline.

Undersigned counsel conferred with plaintiffs' counsel, who state the following: Plaintiffs oppose Defendant's motion to stay and intend to file a response in opposition by Friday, December 12. Plaintiffs also oppose the alternative request by Defendant to toll their answer deadline beyond the court-ordered deadline of December 15 while the stay motion is pending. Plaintiffs would, as a professional courtesy, agree to a 7-day extension of Defendant's time to file their answer to December 22 along with a commensurate extension of Plaintiffs' time to file their motion for summary judgment to December 24.

## BACKGROUND

Plaintiffs are 23 states and state instrumentalities that initiated this action on October 15, 2025, challenging the EPA's termination of their grant awards under the Solar For All grant program. The very next day, on October 16, a virtually identical group of states and state instrumentalities filed suit in district court, challenging the EPA's termination of the Solar For All grant program and existing Solar For All grants.[1] *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.).

The material facts underlying each action are identical, as a comparison of the respective complaints confirms. In both actions, plaintiffs take issue with the EPA's decision to terminate their Solar For All grants following the passage of the One Big Beautiful Bill Act, Pub. L. No.

---

[1] Nevada is the only state that is a plaintiff here and not a plaintiff in the district court action.

119-21, in which Congress repealed the statute that authorized the Solar For All grant program and rescinded all unobligated balances that had been appropriated to carry out the program. In both actions, plaintiffs allege the terminations were unlawful—here, alleging breach of contract, and in district court, alleging agency action that is arbitrary, contrary to law, and in excess of statutory authority. Plaintiffs seek damages for the alleged breach of the grant agreements in this action, and they simultaneously seek overarching relief in district court that would (1) declare the grant terminations unlawful, (2) vacate the terminations, (3) order EPA to reinstate the Solar For All grant program, and (4) enjoin EPA from making unavailable any funds appropriated by Congress for the Solar For All grant program.

Following a status conference, the Court set a deadline of December 15, 2025 for the United States' answer, and December 17, 2025 for plaintiffs' summary judgment motion. Plaintiffs have indicated to undersigned counsel that they intend to move for summary judgment only on Count I (breach of the grant agreements), and only on liability. Since the Court's order setting those deadlines, two significant events have occurred:

1. In the parallel district court action, plaintiffs moved for a preliminary injunction on November 14, 2025, arguing that EPA's termination of the Solar For All grant program is contrary to law, arbitrary, and unconstitutional. Plaintiffs seek an injunction to, among other things, (1) enjoin the EPA from making unavailable any funds that were previously obligated to them under their Solar For All grant agreements; and (2) stay the administrative closeout process under which EPA pays all outstanding obligations due under the now-terminated grants. *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015, ECF 64 (W.D. Wash. Nov. 14, 2025). The motion will be fully briefed and heard by January 8, 2026. *Id.*, ECF 99.

2. Plaintiffs also filed petitions for review in the D.C. Circuit challenging EPA's termination of the Solar For All grant program. *State of Arizona, et al. v. EPA*, No. 25-1218 (D.C. Cir.). On November 14, 2025, plaintiffs requested that that case "be held in abeyance and that all case-related deadlines be suspended while litigation continues in the federal district courts." *Id.*, Doc. No. 2145408. Plaintiffs reasoned that "holding a case in abeyance pending related litigation conserves judicial resources" and that "[n]o party will be prejudiced by abeyance." *Id.* at 5. On November 20, 2025, the D.C. Circuit stayed that case. *Id.*, Doc. No. 2146397.

## ARGUMENT

Similar to the D.C. Circuit stay, this Court should stay this action pending resolution of the parallel district court action. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When and how to stay proceedings is within the Court's sound discretion. *Id.* at 254-55; *see Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016). The Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. A stay is warranted here for three reasons.

*First*, judicial economy principles strongly favor a stay of this case. The basis for a stay is especially strong when it would "simplif[y] the issues, proof, and questions of law, which could be expected to result from a stay." *Unionbancal Corp. v. United States*, 93 Fed. Cl. 166, 167 (2010). Thus, the Court may stay one action pending the resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis*,

299 U.S. at 253. As plaintiffs themselves recently asserted in asking the D.C. Circuit for a stay of that proceeding, "holding a case in abeyance pending related litigation conserves judicial resources." *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025) (quoting *United States v. Quinn*, 475 F.3d 1289, 1291 (D.C. Cir. 2007)).

The same is true here. Plaintiffs are, at this very moment, seeking overarching relief from the district court that subsumes the relief they seek here. If plaintiffs obtain a final district court order requiring the EPA to reinstate the grant agreements, very little—if anything—remains for this Court to resolve. It would be a waste of the parties' and the Court's limited resources to litigate a summary judgment motion now. *Landis*, 299 U.S. at 253; *Unionbancal*, 93 Fed. Cl. at 167. Particularly given plaintiffs' pending preliminary injunction motion in the district court—which will be argued in a matter of weeks, on January 8, 2026—it is not practical or economical to press forward now with a merits briefing in this action.

Indeed, the outcome of the preliminary injunction motion will bear heavily on this action. Plaintiffs have additionally asked the district court to stay the administrative closeout process for the grants, which is the process under which the EPA pays all outstanding obligations due under the grant agreements (pre-termination and closeout costs). *See* 2 C.F.R. § 200.344. If the district court grants plaintiffs' request to stay the closeout process, thus preventing the EPA from paying out outstanding obligations, that result will make any relief from this Court on damages premature. And if the district court denies plaintiffs' request and the closeout process moves forward, EPA's payment of allowable outstanding obligations incurred prior to grant termination will necessarily narrow, if not eliminate, any damages plaintiffs can seek here. *Landis*, 299 U.S. at 253; *Unionbancal*, 93 Fed. Cl. at 167. Either way, the pending proceedings in the district court will directly affect any relief plaintiffs can obtain from this Court. That is a conflict that

*plaintiffs* have created by pursuing simultaneous relief from two courts.

Plaintiffs themselves appear to recognize the inefficiencies of their dual approach by limiting their intended summary judgment motion only to liability on a single count. But for what purpose? Expending the time and resources to litigate liability now, only to save damages for an indefinite point in the future, does not result in any relief to plaintiffs. Any relief can only flow from an assessment of damages in this case, and that assessment will necessarily be impacted by the final resolution of the district court action. *Cf. Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 107 (1998) ("psychic satisfaction" from a favorable judgment "does not redress a cognizable Article III injury").

*Second*, a stay is also warranted given the possibility of conflicting orders and judgments between this action and the district court action. *See Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020). If both actions continue to move forward in parallel, there is a very real likelihood that the EPA may be held to incompatible standards of conduct pursuant to different orders from two courts. Take, for instance, the scenario where the district court reinstates plaintiffs' grant agreements after finding their terminations unlawful, but this Court denies plaintiffs' summary judgment motion after finding the terminations permissible under the terms of the agreements. How could the EPA reconcile both orders—one reinstating the grant agreements, and one saying that the very same grants were lawfully terminated? Another scenario is where the district court grants plaintiffs' request to stay the closeout process where the EPA is trying to pay out the outstanding obligations, but this Court finds for plaintiffs on breach of contract and orders the EPA to pay some of those same costs. How could the EPA comply with both orders? This prospect of conflicting orders on the very same set of grant agreements is further reason to stay this action.

*Third*, a stay works no prejudice on plaintiffs. It is the norm, not a source of prejudice, for substantial time to elapse between the filing of a complaint and summary judgment briefing. In any event, because plaintiffs do not intend to seek relief in their summary judgment motion— and are simultaneously pursuing all-encompassing relief in district court—a stay of these proceedings is not to any party's detriment. Nor is there any statute of limitations concern, as this action has already been initiated within the limitations period. And even if the district court ultimately rejects plaintiffs' claims, this action can then restart at that time, with none of the difficulties in navigating overlapping relief and competing judgments that the current posture presents. As plaintiffs themselves represented when they affirmatively sought to stay their D.C. Circuit action pending resolution of their district court action, "[n]o party will be prejudiced by abeyance." *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025). So too here.

## **CONCLUSION**

For these reasons, the Court should stay this action pending resolution of plaintiffs' parallel district court action in *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.). We propose that, within 60 days of such resolution, the parties submit a joint status report in this action proposing any next steps.

But if the Court declines to stay this action, the Court should extend the deadline to respond to the complaint (currently December 15, 2025) to 7 days from the date of the denial of a stay. This modest extension will provide the EPA with the time necessary to finalize its response following the Court's resolution of the stay motion. And this modest extension is not substantially different from the 7-day extension to which plaintiffs have stated they consent.

7

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Albert S. Iarossi
ALBERT S. IAROSSI
Assistant Director

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

December 9, 2025                    Attorneys for Defendant