**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

MARYLAND CLEAN ENERGY CENTER, STATE
OF ARIZONA, CALIFORNIA PUBLIC
UTILITIES COMMISSION, STATE OF
COLORADO, STATE OF CONNECTICUT,
DISTRICT OF COLUMBIA, STATE OF HAWAIʻI,
ILLINOIS FINANCE AUTHORITY, OFFICE OF
THE GOVERNOR *EX REL.* ANDY BESHEAR, IN
HIS OFFICIAL CAPACITY AS GOVERNOR OF
THE COMMONWEALTH OF KENTUCKY,
STATE OF MAINE, COMMONWEALTH OF
MASSACHUSETTS, STATE OF MICHIGAN,
STATE OF MINNESOTA, NEVADA CLEAN
ENERGY FUND, STATE OF NEW JERSEY,
STATE OF NEW MEXICO, NEW YORK STATE
ENERGY RESEARCH AND DEVELOPMENT
AUTHORITY, STATE OF NORTH CAROLINA,
STATE OF OREGON, PENNSYLVANIA ENERGY
DEVELOPMENT AUTHORITY, STATE OF
RHODE ISLAND, STATE OF VERMONT, STATE
OF WASHINGTON, WISCONSIN ECONOMIC
DEVELOPMENT CORPORATION,

        Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

Civ. No. 25-1738 C
(Senior Judge Smith)

**PLAINTIFFS' SUPPLEMENTAL RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

In response to this Court's Scheduling Order, ECF 55, Plaintiffs respectfully submit this

Supplemental Response in Opposition to Defendant's Motion to Stay.  In this action, Plaintiffs

have brought claims to recover damages based on the federal government's breach of their Solar

for All Grant Agreements.  To date, all parties agree that this Court has jurisdiction to resolve

Plaintiffs' claims.  *See generally* Def's Mot. Stay, ECF 50 (not disputing jurisdiction in this Court); *accord* Status Conf. Tr., ECF 52–1, at 7:17–19 (counsel for Defendant noting that "there's no Section 1500 problem").  Instead of responding to Plaintiffs' complaint in the ordinary course, however, the federal government has sought to stay this action and delay relief for Plaintiffs.  This Court should deny that request.

As Plaintiffs' opening brief demonstrates, Defendant has failed to meet its burden to show that a stay is warranted here—that is, Defendant has alleged no hardship in being required to move forward in this action.  *See Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989) ("The party requesting a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))).  Further, the interests of timeliness weigh in favor of Plaintiffs, who will be harmed by a potentially lengthy delay in the recovery of money to which Plaintiffs are contractually entitled.  *See Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (declining to uphold a stay where "the need is so slight and the costs so great" and where a stay would "impose such an onerous burden on a litigant's right to seek redress against the United States").

Defendant's remaining arguments boil down to a single strained proposition: This case should be stayed because a district court *might* issue an order that *might* affect (or *might* subsume) the relief sought in this case.  *See* Mot. Stay, ECF 50, at 5–6.  But this argument is irrelevant, speculative, and inconsistent with the federal government's longstanding position in federal district court litigation.

First, Defendant's argument that the district court action, *Arizona v. U.S. EPA*, No. 2:25-cv-02015 (W.D. Wash.), might impact the scope of relief in this case is irrelevant to the issues

currently pending before this Court. The issues in the district court—concerning whether the federal government violated the APA, Constitution and other federal laws—are independent from whether Defendants breached their contracts with Plaintiffs. The claims in each action do not rise or fall together, and Defendants' argument otherwise has no merit. Further, all that Defendant is required to do at this time is admit or deny the allegations of Plaintiffs' complaint, which Defendant should be fully capable of doing regardless of what happens over the next few months in the district court litigation. Likewise, Plaintiffs have made clear their intent to move for summary judgment on liability only, and the district court action will have no impact on establishing Defendant's liability for breach of contract. Indeed, Defendant has not once suggested that the district court litigation will play any role in establishing liability. It makes little sense, then, to pause every aspect of this litigation in anticipation of a final district court order that will have no bearing on the legal issues before this Court now. Defendant has therefore offered no basis for staying this action before summary judgment briefing on liability, let alone before the Defendant even files its responsive pleading.

Further, Defendant's argument about whether and how the district court action might impact this case is speculative. Whether any of Defendant's numerous hypotheticals "will occur is unknown," yet it is a certainty that Plaintiffs "would be harmed by a stay of proceedings," as a stay "would hinder the expeditious disposition of this case" and significantly delay relief to which Plaintiffs are entitled. *See Brown v. United States*, 131 Fed. Cl. 540, 543 (2017) (citation and quotations omitted). Defendant posits that Plaintiffs can simply wait until the district court litigation reaches its conclusion before resuming their claims here. But Defendant discounts the harm to Plaintiffs now—that is, the cancellation of their Solar for All Agreements and the clawback of billions of dollars from Plaintiffs' accounts—as well as the amount of time that could elapse

between now and the resolution of the district court litigation (including any potential appeals).  If Plaintiffs are required to wait until that time to restart their claims here, this litigation will be at its nascence, and legal issues that could have been resolved now will instead have lain dormant for a significant amount of time, to no benefit.  If, by contrast, the parties proceed in the ordinary course with responsive pleadings and summary judgment briefing, then this Court will have the benefit of deciding which issues can be resolved now and which (if any) should wait until the district court litigation concludes.  In that scenario, at least, this case can proceed so that justice is not unnecessarily delayed based on some hypothetical conflicts that may never transpire.

Finally, Defendant argues that the plaintiffs in the district court action are seeking relief that subsumes the relief here.  Def's Mot. Stay, ECF 50, at 5.  Not so. The plaintiffs in the district court action brought statutory and constitutional claims seeking declaratory and injunctive relief and vacatur of Defendant's unlawful actions—ordinary relief under the Administrative Procedure Act ("APA") that does not order Defendants to pay money, in contrast to the contractual relief sought here.  Defendant has identified nothing in the district court record to suggest otherwise. Indeed, it is pure convenience for Defendant to dangle the possibility that the district court might order reinstatement of the grants as a reason for delay before this Court, while simultaneously arguing in other forums that district courts lack authority to grant such relief.  According to the federal government, parties that seek to access funds that the government is contractually obligated to pay must proceed under the Tucker Act in the Court of Federal Claims, rather than in federal district court.  In the past year alone, the federal government has repeatedly made this argument to funnel grant-termination cases to the Court of Federal Claims,[1] including in three district court

---

[1] *See* Application to Stay the Judgments of the United States District Court for the District of Massachusetts and Request for an Immediate Administrative Stay, *Nat'l. Inst. Health. v. Am. Pub. Health. Ass.*, No. 25-A (U.S.) ("[P]arties that seek funds that the government is allegedly

actions challenging the termination of Solar for All grants under the APA.[2]  This Court should take the federal government at its word when it argues that challenges to grant terminations are proper in this Court.  There is no obstacle, jurisdictional or otherwise, to this Court resolving the issues before it.

In sum, Defendant has not met its burden to establish a need to stay this litigation, which would have no effect other than to delay relief for Plaintiffs.  This Court should therefore deny Defendant's motion to stay.

Dated: January 9, 2026                                    Respectfully submitted,


**ANTHONY G. BROWN**                         **KRISTIN K. MAYES**
ATTORNEY GENERAL OF MARYLAND        ATTORNEY GENERAL OF ARIZONA

By: */s/ Lauren Gorodetsky*                       By  */s/ Joshua A. Katz*
Lauren Gorodetsky*                                   Mary M. Curtin
Keith M. Jamieson*                                     *Senior Litigation Counsel*
  *Assistant Attorneys General*                  Joshua A. Katz*
Office of the Attorney General                     *Assistant Attorney General*
200 Saint Paul Place                                   Office of the Arizona Attorney General
Baltimore, Maryland  21202                        2005 N. Central Ave.
(410) 576-7057                                           Phoenix, Arizona 85004

---

obligated to pay by contract—including via grant agreements, which are a species of contract—must typically proceed under the Tucker Act."); Application to Stay the Judgments of the United States District Court for the District of Massachusetts and Request for an Immediate Administrative Stay, *Nat'l. Inst. Health. v. Am. Pub. Health. Ass.*, No. 25-A (U.S.) ("[P]arties that seek funds that the government is allegedly obligated to pay by contract—including via grant agreements, which are a species of contract—must typically proceed under the Tucker Act.")

[2] *See* Attachments D, E, F to Pls. Opp., ECF 52–4, 5, 6.  The federal government also sought to consolidate those three cases by transferring two of them to the U.S. District Court for the District of Columbia, but the respective courts denied those motions.  *See* Order Denying Mot. to Transfer, *Arizona v. U.S. EPA*, Case No. 25-cv-02015, ECF 115 (W.D. Wash. Jan. 7, 2026); Text Order Denying Defs.' Mot. to Transfer, *R.I. AFL-CIO v. U.S. EPA*, No. 25-cv-00510 (D.R.I. Dec. 17, 2025).

LGorodetsky@oag.state.md.us
kjamieson@oag.state.md.us

*Counsel for the Maryland Clean Energy Center*

**ROB BONTA**
ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Dylan C. Redor*
Dylan C. Redor*
Theodore A. McCombs
Marie Logan
Rebecca Hunter
  *Deputy Attorneys General*
Abigail Blodgett
Myung Park
  *Supervising Deputy Attorneys General*
California Department of Justice
300 S. Spring St.
Los Angeles, CA 90013
(213) 269-6706
dylan.redor@doj.ca.gov
marie.logan@doj.ca.gov

*Counsel for the California Public Utilities Commission*

**WILLIAM TONG**
ATTORNEY GENERAL OF CONNECTICUT

By: */s/ Jill Lacedonia*
Jill Lacedonia*
  *Assistant Attorney General*
Connecticut Office of the Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5250
jill.lacedonia@ct.gov

*Counsel for the State of Connecticut*

(602) 542-7000
Mary.curtin@azag.gov
Joshua.Katz@azag.gov

*Counsel for the State of Arizona*

**PHILIP J. WEISER**
ATTORNEY GENERAL OF COLORADO

By: */s/ Carrie Noteboom*
Carrie Noteboom
  *Assistant Deputy Attorney General*
David Moskowitz*
  *Deputy Solicitor General*
Cynthia Vitale
  *Assistant Attorney General*
Colorado Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
Carrie.Noteboom@coag.gov
David.Moskowitz@coag.gov
Cynthia.Vitale@coag.gov

*Counsel for the State of Colorado*

**BRIAN L. SCHWALB**
ATTORNEY GENERAL FOR THE DISTRICT OF
  COLUMBIA

By: */s/ William Stephens*
William Stephens*
  *Assistant Deputy Attorney General*
Lauren Marks
Lauren Cullum
  *Special Assistant Attorneys General*
Office of the Attorney General for the District
  of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
William.Stephens@dc.gov

Lauren.marks@dc.gov
lauren.cullum@dc.gov

*Counsel for the District of Columbia*

**ANNE E. LOPEZ**
ATTORNEY GENERAL OF HAWAIʻI

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
    *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
    *Solicitor General*
Hawaiʻi Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

**OFFICE OF THE GOVERNOR *ex rel.***
**ANDY BESHEAR**
IN HIS OFFICIAL CAPACITY AS GOVERNOR OF
THE COMMONWEALTH OF KENTUCKY

By:  */s/ S. Travis Mayo*
S. Travis Mayo
    *General Counsel*
Taylor Payne
    *Chief Deputy General Counsel*
Laura C. Tipton
    *Deputy General Counsel*
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov

*Counsel for the Office of the Governor*

**KWAME RAOUL**
ATTORNEY GENERAL OF ILLINOIS

By: */s/ Katharine Roller*
Katharine Roller*
    *Complex Litigation Counsel*
Elizabeth B. Scott*
    *Assistant Attorney General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 519-1842
Katharine.roller@ilag.gov

*Counsel for Illinois Finance Authority*

**AARON M. FREY**
ATTORNEY GENERAL OF MAINE

By: */s/ Caleb Elwell*
Caleb E. Elwell
    *Assistant Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8545
Caleb.elwell@maine.gov

*Counsel for the State of Maine*

**ANDREA JOY CAMPBELL**
ATTORNEY GENERAL OF MASSACHUSETTS

By: /s/ Amy Laura Cahn
Amy Laura Cahn*
Molly Teague
  *Special Assistant Attorneys General*
Terrence Vales
  *Assistant Attorney General*
Katherine Dirks*
  *Chief State Trial Counsel*
Vanessa Arslanian
  *State Trial Counsel*
One Ashburton Place
Boston, MA 02108
(617) 963-2277
amy.laura.cahn@mass.gov
molly.teague@mass.gov
terrence.vales@mass.gov
katherine.dirks@mass.gov
vanessa.arslanian@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**KEITH ELLISON**
ATTORNEY GENERAL OF MINNESOTA

By: /s/ Ryan Pesch
Ryan Pesch
Cat Rios-Keating
  *Special Assistant Attorneys General*
Brian Carter
  *Special Counsel*
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-728-7116
ryan.pesch@ag.state.mn.us
catherine.rios-keating@ag.state.mn.us
brian.carter@ag.state.mn.us

**DANA NESSEL**
ATTORNEY GENERAL OF MICHIGAN

By: /s/ Neil Giovanatti
Neil Giovanatti*
Polly Synk*
  *Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
SynkP@michigan.gov

*Counsel for the State of Michigan*

**AARON D. FORD**
ATTORNEY GENERAL OF NEVADA

By: /s/ K. Brunetti Ireland
K. Brunetti Ireland*
  *Chief Deputy Attorney General*
  *Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for Nevada Clean Energy Fund*

*Counsel for the State of Minnesota*

**MATTHEW J. PLATKIN**
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Daniel Resler*
Daniel Resler
Lauren E. Van Driesen
Jack Ventura
   *Deputy Attorneys General*
Office of the Attorney General
33 Washington Street, Ninth Floor
Newark, NJ 07101
(973) 648-4726
Daniel.Resler@law.njoag.gov

*Counsel for the State of New Jersey*

**LETITIA JAMES**
ATTORNEY GENERAL OF NEW YORK

By: */s/ Matthew Eisenson*
Matthew Eisenson*
   *Assistant Attorney General*
Kelsea Suarez*
   *Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
(212) 416-8481
matthew.eisenson@ag.ny.gov

*Counsel for the New York State Energy
Research and Development Authority*

**DAN RAYFIELD**
ATTORNEY GENERAL OF OREGON

By: */s/ Coby Howell*
Coby Howell
   *Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201

**RAÚL TORREZ**
ATTORNEY GENERAL OF NEW MEXICO

By: */s/ J. Spenser Lotz*
J. Spenser Lotz*
   *Assistant Attorney General*
Environmental Protection Bureau
201 Third St. NW, Suite 300
Albuquerque, NM 87102
(505) 616-7560
slotz@nmdoj.gov

*Counsel for the State of New Mexico*

**JEFF JACKSON**
ATTORNEY GENERAL OF NORTH CAROLINA

**LAURA HOWARD**
CHIEF DEPUTY ATTORNEY GENERAL

By /s/ Daniel T. Wilkes
Daniel T. Wilkes*
   *Assistant Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
(919) 716-6415
dwilkes@ncdoj.gov

*Counsel for the State of North Carolina*

**PENNSYLVANIA ENERGY
DEVELOPMENT AUTHORITY**

By: */s/ Michael J. Heilman*
Michael J. Heilman
   *Litigation Coordinator*
Michael A. Braymer
   *Chief Counsel*

Tel (971) 673-1880
Fax (971) 673-5000
coby.howell@doj.oregon.gov

*Counsel for the State of Oregon*

Pennsylvania Department of Environmental Protection
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222
Phone: 412-442-4241
Email: mheilman@pa.gov

*Counsel for Pennsylvania Energy Development Authority*

**PETER F. NERONHA**
ATTORNEY GENERAL OF RHODE ISLAND

By: */s/ Nicholas M. Vaz*
Nicholas M. Vaz
  *Special Assistant Attorney General*
Office of the Attorney General
Environment and Energy Unit Chief
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Counsel for the State of Rhode Island*

**CHARITY R. CLARK**
ATTORNEY GENERAL OF VERMONT

By: */s/ Jonathan T. Rose*
Jonathan T. Rose*
  *Solicitor General*
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

**NICHOLAS W. BROWN**
ATTORNEY GENERAL OF WASHINGTON

By: */s/ C. L. Junine So*
C. L. Junine So*
Sarah E. Smith-Levy*
Leah A. Brown
  Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
(206) 464-7744
junine.so@atg.wa.gov
sarah.e.smith-levy@atg.wa.gov
leah.brown@atg.wa.gov

*Counsel for the State of Washington*

**WISCONSIN ECONOMIC DEVELOPMENT CORPORATION**

By: */s/ Jennifer H. Campbell*
Jennifer H. Campbell
  *Chief Legal Officer*
2352 S. Park St., Suite 303
Madison, WI 53713
(608) 210-6811
jennifer.campbell@wedc.org

*Counsel for Wisconsin Economic Development Corporation*

*Admitted to appear in this Court on behalf of Plaintiffs