IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARYLAND CLEAN ENERGY CENTER, et al.,<br><br>                     Plaintiffs,<br><br>                  v.<br><br>THE UNITED STATES,<br><br>                     Defendant. | No. 25-1738C<br>(Senior Judge Smith) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY**

       Pursuant to the Court's December 16, 2025 order, ECF No. 55, defendant, the United States, respectfully submits this supplemental brief in further support of its request that the Court stay proceedings in this case pending *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.). Principles of judicial economy strongly favor a stay, and plaintiffs will suffer no prejudice from a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

       As plaintiffs themselves recently told the D.C. Circuit in persuading *that* court to stay proceedings over EPA's termination of Solar For All grants pending the district court litigation, "holding a case in abeyance pending related litigation conserves judicial resources," and "no party will be prejudiced by abeyance." *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025). This Court should reject plaintiffs' 180-degree turn here in resisting the very same stay they just sought and obtained from the D.C. Circuit. After all, in the words of Justice Barrett, when plaintiffs want to sue the government in two courts over the same set of facts, they "have to proceed *sequentially* rather than *simultaneously*." *Nat'l Inst. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2662 (2025) (Barrett, J., concurring) (emphasis added). These plaintiffs should be no exception.

1

**ARGUMENT**

I.  **Plaintiffs Misconstrue *NIH* and the Requested Stay**

Two fundamental misapprehensions pervade plaintiffs' opposition to our stay motion: first, that Justice Barrett's concurrence in *NIH* "explicitly envisions the two-track litigation strategy Plaintiffs have pursued here," and second, that we request an "indefinite" stay. ECF No. 52 (Opp.) at 2, 7-15. Neither is correct.

Far from greenlighting plaintiffs' strategy here of pursuing simultaneous relief from two courts over EPA's termination of Solar For All grants, Justice Barrett expressly noted that plaintiffs challenging alleged termination guidance in district court and individual grant terminations in the Court of Federal Claims that have the requisite factual overlap would "have to proceed sequentially rather than simultaneously." *NIH*, 145 S. Ct. at 2662. That *sequential* approach is the "two-track litigation" Justice Barrett discussed—and it is the exact opposite of the *simultaneous* approach plaintiffs instead attempt here. *Id.*

To be sure, Justice Barrett was addressing the effect of 28 U.S.C. § 1500, which divests this Court of jurisdiction when claims arising from substantially the same facts are pending in another court. We are not asserting the § 1500 jurisdictional bar here (which plaintiffs evaded only by initiating this action *one day* before their district court action). But the reasons for our stay motion are similar to the purpose of § 1500: "the need to save the Government from burdens of redundant litigation." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011); *see Landis*, 299 U.S. at 253-54 (identifying judicial economy as a key factor to a stay motion).

Plaintiffs also erect the strawman of an "indefinite" stay and the "pressing need" standard for such a stay. Opp. 7-15. We are not asking for an indefinite stay. The Federal Circuit has held that a stay "pending resolution of a related action" is *not* indefinite, particularly when the

same plaintiffs initiated both actions and can litigate the related action "in an efficient and expeditious manner." *In re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 688 (Fed. Cir. 2010); *see Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983) (a stay pending resolution of a related proceeding "is not for such a protracted or indefinite period as to render its issuance an abuse of discretion"); *Ute Indian Tribe v. United States*, 178 Fed. Cl. 329, 334 (2025) (rejecting arguments of "indefinite" stay); *Feinsod v. United States*, 2024 WL 3219220, at *7 (Fed. Cl. June 27, 2024) (same). That is precisely the scenario here.

*Cherokee Nation* does not hold otherwise. That case involved a stay pending an *unknown* number of quiet title actions involving *third parties*. *Cherokee Nation v. United States*, 124 F.3d 1413, 1418 (Fed. Cir. 1997). In finding that sort of stay indefinite, the Federal Circuit in *Cherokee Nation* emphasized that not a single quiet title suit had yet been filed, such that a stay "pending these speculative and protracted events" would "place the Tribes effectively out of court." *Id.*; *see In re Sacramento*, 395 F. App'x at 688 (distinguishing *Cherokee Nation*). Plaintiffs cannot claim the same concern here when they are the ones pursuing the parallel district court action.[1] Indeed, while the Supreme Court in *Landis* cautioned against "a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a *stranger*," it expressed no reservations with a stay where the *same plaintiffs* are pursuing simultaneous relief in two actions. 299 U.S. at 255; *see also NIH*, 145 S. Ct. at 2622 (Barrett, J., concurring) ("plaintiffs will have to proceed sequentially rather than simultaneously").

---

[1] The other cases plaintiffs cite are similarly inapposite. *Monbo* relied on authority that recognizes when "a stay pending resolution of another case may not be considered indefinite." *Cheshire Hunt, Inc. v. United States*, 149 Fed. Cl. 216, 219 (2020) (quoted in *Monbo v. United States*, 175 Fed. Cl. 440, 451 (2025)). *Haddock* and *Brown* denied stays pending resolution of another action involving different plaintiffs. *Haddock v. United States*, 135 Fed. Cl. 82 (2017); *Brown v. United States*, 131 Fed. Cl. 540 (2017).

## II. Judicial Economy Favors a Stay

Our motion explained that because plaintiffs are pursuing simultaneous relief from two courts over the same EPA grant terminations, the Court should stay this action to conserve judicial economy and avoid potentially conflicting orders. ECF No. 50 (Mot.) at 4-6; *see also City of Santa Clara v. United States*, 215 Ct. Cl. 890, 893 (1977) (staying action pending resolution of parallel district court action where the "*practical* effect of a district court decision in plaintiff's favor" could "render the question of money damages moot and make further proceedings in this court unnecessary"). Plaintiffs themselves admit that "Defendant is correct that some rulings by the district court conceivably might affect the extent of Plaintiffs' damages." Opp. 11 n.4. It is not practical or economical to proceed with this case when the pending district court action will, as everyone agrees, directly affect the relief plaintiffs can obtain from this Court. That is a conflict that plaintiffs have created by pursuing simultaneous relief from two courts.

Plaintiffs respond by accusing us of "whipsaw litigation strategy" given the jurisdictional arguments EPA has advanced in district court. Opp. 1-2, 15. Not so: district court jurisdiction and the reasons for staying this action are distinct issues. EPA does not believe plaintiffs' claims belong in district court—they belong before this Court—but plaintiffs have nevertheless insisted on pursuing their district court action. So long as plaintiffs simultaneously press their district court action over the same Solar For All grant terminations, a stay of this action is warranted to avoid conflicting orders and preserve judicial economy. *See NIH*, 145 S. Ct. at 2622 (Barrett, J., concurring) ("plaintiffs will have to proceed sequentially rather than simultaneously").

Plaintiffs next purport to disclaim seeking grant reinstatement in district court and downplay the immediate relief they have sought there regarding EPA's grant closeout process.

4

Opp. 9-12.  Plaintiffs' own pleadings belie these assertions:

- Their district court complaint asserts that the termination of the Solar For All grant program "should be vacated."  *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015, ECF No. 1 ¶ 13 (W.D. Wash.).

- Their district court complaint requests an injunction "prohibiting EPA from implementing" the termination of Solar For All grants.  *Id.*

- Their district court complaint seeks an order that EPA "reinstate the SFA Program and perform the necessary administrative support to the Program and SFA Recipients," *i.e.*, the recipient plaintiffs.  *Id.*

- Their prayer for relief reiterates that the district court should "vacate and set aside" the termination of the Solar For All grant program.  *Id.* at 33.

- Their prayer for relief asks the district court to "order Defendants to reinstate the SFA Program."  *Id.* at 34.

- Their prayer for relief requests an injunction against EPA using "any funds appropriated by Congress for the SFA Program except for purposes of the SFA Program."  *Id.*

- And their preliminary injunction motion seeks emergency relief prohibiting EPA from "deobligating any SFA funds that remain obligated to Plaintiffs" and from "closing out Plaintiffs' SFA grants."  *Id.*, ECF No. 64 at 26.

Thus, the "*practical* effect" of what plaintiffs want from the district court—effectively, specific performance—directly affects the damages they could obtain from this Court.  *Santa Clara*, 215 Ct. Cl. at 893.  Just as in *Santa Clara*, it is not enough for plaintiffs to note that they seek monetary relief here and injunctive relief in district court (Opp. 9).  When the practical result of the relief a plaintiff seeks from district court is "sufficient to compensate for any damages it suffered as a result of the Government's alleged breach of contract," a "motion to stay [the Court of Federal Claims] proceedings pending the outcome of the litigation currently being pursued in the district court should be granted."  *Santa Clara*, 215 Ct. Cl. at 892-84 (expressing concerns with "the possibility of inconsistent judicial resolution," "unfair burden to the defendant, an unnecessary crowding of this court's docket, and general administrative chaos").

Finally, plaintiffs argue that "bifurcating cases into a liability phase and a damages phase is common practice." Opp. 10-11. That misses the point of our stay motion. In the typical bifurcated case (including all those cited by plaintiffs), there is no prospect that any damages could be affected by a simultaneously pending district court action. But that is the precise concern animating our stay motion—and what plaintiffs admit could very well happen. *See also Santa Clara*, 215 Ct. Cl. at 893 (staying action when pending district court case "could render the question of money damages moot and make further proceedings in this court unnecessary"). At bottom, the *relief* is what ultimately matters; plaintiffs obtain nothing simply by litigating liability without corresponding relief. *Cf. Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 107 (1998) ("psychic satisfaction" is not sufficient basis to maintain an action).

### III. Plaintiffs All But Concede Lack of Prejudice

Our motion also explained that a stay of this action does not prejudice plaintiffs because they are simultaneously pursuing reinstatement of the Solar For All grant program and vacatur of the terminations in district court. Even if the district court ultimately dismisses their claims, this action can then move forward without the "unfair burden," "administrative chaos," and risk of "inconsistent judicial resolution" associated with litigating two parallel actions at the same time. *Santa Clara*, 215 Ct. Cl. at 893.

Plaintiffs do not dispute this, instead attempting to argue that a stay "would disserve the goal of a just, speedy, and inexpensive determination of this action." Opp. 13-14. But that is not prejudice from the requested stay. In the absence of a stay, plaintiffs' summary judgment motion still would not result in the "determination of this action," because they admit that damages still would remain to be determined (and that the pending district court action could affect the question of damages). Thus, the only prejudice plaintiffs identify is no prejudice at all. *See also*

6

*NIH*, 145 S. Ct. at 2662 (Barrett, J., concurring) (rejecting the argument that "it is unfair to require plaintiffs" to "proceed sequentially rather than simultaneously").

"No party will be prejudiced by abeyance"—as *plaintiffs* recently told the D.C. Circuit. *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025). Plaintiffs cannot meaningfully distinguish their own assertion to the D.C. Circuit. That "all parties consented to the requested stay" in the D.C. Circuit (Opp. 15) is irrelevant; the point is that *plaintiffs* moved for the stay in the D.C. Circuit yet now oppose the very same stay here. Nor do we request an "indefinite stay" that "would significantly prejudice" plaintiffs. Opp. 15. We request the very same stay *plaintiffs* requested in the D.C. Circuit. If that stay was finite and nonprejudicial there, it is finite and nonprejudicial here.

## CONCLUSION

For these reasons and those in our motion (ECF No. 50), the Court should stay this action pending resolution of plaintiffs' parallel district court action in *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.). We propose that, within 60 days of such resolution, the parties submit a joint status report in this action proposing any next steps.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ALBERT S. IAROSSI
Assistant Director

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch

Civil Division, U.S. Department of Justice  
P.O. Box 480  
Ben Franklin Station  
Washington, D.C. 20044  
Telephone: (202) 514-4336  
Email: catherine.m.yang@usdoj.gov  

Attorneys for Defendant

January 9, 2026