IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VIRGINIA DEPARTMENT OF ENERGY, *Plaintiff*, v. UNITED STATES OF AMERICA, *Defendant*. | Civ. Nos. 1:26-cv-00268 C  1:25-cv-1738 C |

**PLAINTIFF'S NOTICE OF DIRECTLY RELATED CASE AND CONSENTED MOTION TO TRANSFER AND CONSOLIDATE**

Pursuant to Rules 7(b), 40.2, and 42.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Virginia Department of Energy ("Virginia Energy") respectfully provides notice that the instant, above-captioned case assigned to Judge Eleni M. Roumel is directly related to *Maryland Clean Energy Center v. United States*, Case No. 1:25-cv-1738 C, which is assigned to Judge Loren A. Smith.

In the interest of efficiency and conservation of resources, Virginia Energy respectfully requests that this Court consolidate these cases pursuant to RCFC 42.1(b), including by transferring this case from Judge Roumel to Judge Smith, as Judge Smith was assigned the earlier-filed case. Counsel for the United States has consented to the relief requested herein with respect to Virginia Energy's Motion to Transfer this case from Judge Roumel to Judge Smith and further consents to Virginia Energy's Motion to Consolidate these cases. (*See* Email Correspondence attached hereto as Ex. A). As part of the consolidation of these cases, Virginia Energy and the United States would ask that the *Maryland Clean Energy Center* case serve as the lead case in which all future filings are to be made and that *Virginia Energy's* claims would be subject to the same schedule as that already set in *Maryland Clean Energy Center*.

**BACKGROUND**

Both the instant case and the earlier-filed *Maryland Clean Energy Center* are breach-of-contract actions arising from the decision by the U.S. Environmental Protection Agency (EPA) to unilaterally terminate competitive grants awarded to Plaintiffs under the Solar for All zero-emissions technologies program (Grant Agreement). The Grant Agreements gave rise to binding contractual obligations between the EPA and the Plaintiffs in both the instant case and *Maryland Clean Energy Center*.

By February 2025, the EPA had entered into a binding Grant Agreement with each Plaintiff in both cases, and obligated funding from the Solar for All program to each Plaintiff in both cases. Each Plaintiff in both cases received the full amount of its grant awards in its Automated Standard Application for Payment (ASAP) account and began to perform under its Grant Agreement. On or about August 7, 2025, the EPA announced the cancellation of the Solar for All program and unilaterally terminated all Grant Agreements issued thereunder, including the Grant Agreement for each Plaintiff in both cases. The EPA subsequently withdrew approximately 90% of the Solar for All grant funds from each Plaintiff's ASAP account.

The EPA based its actions on its misguided interpretation of the One Big Beautiful Bill Act (H.R. 1), which repealed Section 134 of the Clean Air Act and rescinded only "the *unobligated* balances of amounts made available to carry out that section (as in effect on the day before the date of enactment of this Act)." Pub. L. 119-21, § 60002, 139 Stat. 72, 154 (July 4, 2025) (emphasis added). Each Plaintiff in both cases contends that its Grant Agreement funds were fully obligated to each Plaintiff well before the enactment of H.R. 1, and that the EPA's withdrawal of Solar for All funds breached the Grant Agreement. Each Plaintiff further contends that, by unilaterally cancelling the Grant Agreements without any legally sound justification and seizing the award

money from Plaintiffs, the EPA breached the express terms of the Grant Agreements and violated the covenant of good faith and fair dealing.

## ARGUMENT

### I. Both Cases are Directly Related to One Another

Pursuant to RCFC 40.2(a)(2)(A), directly related cases "involve the same parties and are based on the same or similar claims." These cases involve the same set of facts, involve the same Defendant, relate to the same actions undertaken by Defendant, include the same claims for relief and request the same forms of relief. Because the claims in both cases are in essence the same, they meet RCFC 40.2(a)(2)(A)'s definition of "directly related cases." Under such circumstances, assigning the cases to a single judge can be expected to conserve judicial resources and promote the efficient administration of justice.

### II. This Case Should be Transferred to Judge Loren A. Smith and Consolidated with the *Maryland Clean Energy Center* Matter

To conserve judicial resources and promote docket efficiency and the efficient administration of justice, these directly related cases should be consolidated, and this case should be transferred from Judge Eleni M. Roumel to Judge Loren A. Smith, who was assigned to the earlier-filed *Maryland Clean Energy Center* matter. See RCFC 40.1, 40.2(a)(4)(B), 42.1(b). Further, the *Maryland Clean Energy Center* case should serve as the lead case in which all future filings are made and that Virginia Energy's claims would be subject to the same schedule as that already set in *Maryland Clean Energy Center*.

Courts have broad discretion to order consolidation of cases, provided that: (1) there is a common question of law or fact in both cases, and (2) considerations regarding the interest of judicial economy outweigh the potential for delay, confusion and prejudice that may result from

3

consolidation. *AT&T Corp. v. United States*, 69 Fed. Cl. 547, 548 (2006); see also RCFC 42(a). Consolidation of these cases meets both requirements.

First, as discussed *supra*, both cases relate to the same set of operative facts and alleged violations of law. Each Plaintiff in both cases entered into separate contracts with Defendant for the receipt and administration of grant funds originating from the EPA's "Solar for All" grant program. Defendant unilaterally terminated each Plaintiff's Grant Agreement based upon the same erroneous interpretation of Section 60002 of the One Big Beautiful Bill Act. Pub. L. 119-21, § 60002. Moreover, each Plaintiff in both cases received virtually identical communications from Defendant relating to the unilateral termination, with the only difference being the relevant identifying information for each party. An examination of the exhibits attached to the complaints in both cases reveals the common facts and questions of law at issue in these matters.

Second, the interest in judicial economy outweighs the potential for delay, confusion, or prejudice. Indeed, the risk of potential delay, confusion, and prejudice is greater without consolidating these cases. Absent consolidation, this Court would have to separately adjudicate two cases that involved virtually identical evidence and exactly identical questions of law on two different tracks. Proceeding without transferring and consolidating these cases would also harm Defendant and waste government resources by requiring the United States to defend the same claims in separate cases.

Given the high risk of confusion, delay, prejudice, and waste of scarce judicial and party resources if these directly related cases proceed individually, the cases should be consolidated. Consolidating these cases further requires Virginia Energy to request transfer of this matter from Judge Roumel to Judge Smith, as Judge Smith was assigned the earlier filed case. See RCFC 40.2(a)(4)(B), 42.1(b).

Furthermore, counsel of record for the United States, has confirmed that the United States consents to Virginia Energy's request to transfer this case to Judge Smith and for the cases to be consolidated under the *Maryland Clean Energy Center* case number. (Ex. A). The Parties further agree that upon consolidation of these cases that *Maryland Clean Energy Center* will serve as the lead case in which all future filings shall be submitted and that Virginia Energy's claims will be subject to the same schedule as *Maryland Clean Energy Center*. The United States does not adopt any of the factual or legal assertions contained in this motion regarding Virginia Energy's claims and reserves the right to assert any and all available defenses.

WHEREFORE, Plaintiff Virginia Department of Energy respectfully provides notice that this matter is directly related to the earlier-filed case captioned as *Maryland Clean Energy Center v. United States of America*, Case No. 1:25-cv-1738 C, and respectfully requests that this matter be transferred from Judge Roumel to Judge Smith and that these cases be consolidated to promote judicial economy and the efficient administration of justice.

Dated: February 20, 2026                                            Respectfully submitted,

**JAY JONES**
Attorney General of Virginia

By: */s/Darrell W. Kuntz, III*
Darrell W. Kuntz, III (VSB: 95491)
*Assistant Attorney General*
Katherine Kulbok (VSB: 90853)
*Assistant Attorney General*
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-3643
dkuntz@oag.state.va.us
kkulbok@oag.state.va.us

*Counsel for the Virginia Department of Energy*