IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MARYLAND CLEAN ENERGY CENTER,
et al.,

               Plaintiffs,

               v.

THE UNITED STATES,

               Defendant.

Consolidated Nos. 25-1738C (lead)
26-268C

(Senior Judge Smith)

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's January 21, 2026 order, ECF No. 58, the United States respectfully submits this status report regarding the stay of these consolidated actions pending resolution of the district court action in *Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.).

The district court action is on an expedited path to resolution. Since this Court's status conference in January 2026, the parties in district court have filed cross-motions for summary judgment, which will be fully briefed by tomorrow, April 14, 2026, when the Environmental Protection Agency (EPA) files its reply brief. *Arizona*, No. 2:25-cv-2015, ECF No. 124. The district court will hear oral argument on May 8, 2026. *Id.*, ECF No. 125. Thus, we will soon know the contours of any relief the district court orders, including whether such relief results in plaintiffs' grants being "refunded" and "reinstated," as they have requested.[1]

Given this expedited resolution, there is no basis for plaintiffs' claim that the stay here is "indefinite." And as we've previously explained, extending the stay pending the district court's

---

[1] Indeed, in their recent reply brief in *Arizona*, plaintiffs argued that "[a] favorable ruling [in district court]" could "remove a barrier to relief in the Court of Federal Claims." *Id.*, ECF No. 144. Thus, even plaintiffs contemplate the benefits of a district court ruling before proceeding in this Court.

1

expedited resolution will conserve judicial economy and avoid potentially conflicting orders. *See* ECF Nos. 50, 57.

We respectfully submit that the Court should continue to stay this case pending resolution of the district court action. The material facts have not changed since the Court initially stayed the case—indeed, we are closer to a resolution now, which further bolsters the reasons the Court previously found warrant a stay.

By contrast, proceeding in this case would require EPA and undersigned counsel to divert their already strained resources toward substantial efforts (in preparing the answer and briefing the merits of plaintiffs' summary judgment motion) that may not prove necessary. It would also disrupt the orderly assertion of defendant's defenses—with some defenses asserted now, only to have other defenses asserted later depending on the relief ordered by the district court. The Court should avoid these unnecessary complications, particularly when the district court is poised to render its judgment in the coming months.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ALBERT S. IAROSSI
Assistant Director

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

2

Telephone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

April 13, 2026                          Attorneys for Defendant