IN THE UNITED STATES COURT OF FEDERAL CLAIMS

VIRGINIA DEPARTMENT OF ENERGY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Consolidated Nos. 25-1738C (lead)
26-268C

(Senior Judge Smith)

### **DEFENDANT'S ANSWER**[1]

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.      The allegations contained in paragraph 1 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

2.      Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the statute cited, which is the best evidence of its contents.  Admits the quotation in sentence two to the extent supported by the statute cited, which is the best evidence of its contents; the remainder of sentence two constitutes plaintiff's characterization of its case and conclusions of law, to which no answer is required.  Admits the third sentence.

3.      The first sentence of paragraph 3 contains allegations which constitute plaintiff's characterization of its case, to which no answer is required.  As to the second sentence of paragraph 3, admits that plaintiff received a Solar for All grant from EPA.  The remainder of the second sentence of paragraph 3 contains allegations which constitute plaintiff's characterization of its case, to which no answer is required.

4.      Admits.

---

[1]    Defendant's answer has omitted the headings contained in the complaint, which are not factual allegations but rather titles and labels, to which no response is required.  To the extent the headings are construed as containing factual allegations, those allegations are denied.

5.      Admits that EPA gave plaintiff access to its ASAP account; denies that plaintiff "received the full amount of its award" in that ASAP account.  Denies the allegations regarding plaintiff's performance for lack of sufficient knowledge or information.

6.      The allegations contained in paragraph 6 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

7.      Denies plaintiff's characterization that EPA "withdrew" the grant funds from plaintiff's ASAP account.  Admits that, on August 7, 2025, EPA deobligated the amount of grant funds alleged in paragraph 7 that had been awarded to plaintiff.

8.      The allegations contained in paragraph 8 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

9.      The allegations contained in paragraph 9 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

10.     The allegations contained in paragraph 10 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

11.     The allegations contained in paragraph 11 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

12.     The allegations contained in paragraph 12 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

13.     The allegations contained in paragraph 13 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

14.     The allegations contained in paragraph 14 constitute plaintiff's characterization of its case, to which no answer is required.

15.     The allegations contained in paragraph 15, including footnote 1 in the complaint,

constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

16.    Admits the Grant Number for Virginia Energy is 84089801.  Denies the remaining allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17.    Admits.

18.    Admits.

19.    The allegations contained in paragraph 19 constitute plaintiff's statement of law to which no response is required.

20.    Admits the quotations in paragraph 20 to the extent supported by the statute cited; otherwise denies.  The remainder of paragraph 20 constitutes plaintiff's characterization of its case or statement of law to which no response is required.

21.    The allegations contained in paragraph 21 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

22.    Admits the allegations in paragraph 22 to the extent supported by the statute cited; otherwise denies the allegations in paragraph 22.

23.    Admits the allegations in paragraph 23 to the extent supported by the statute cited; otherwise denies the allegations in paragraph 23.

24.    Admits that EPA undertook a public stakeholder engagement process regarding implementation of the Greenhouse Gas Reduction Fund.  The remainder of paragraph 24 is a statement or characterization of a document, to which no response is required.

25.    Admits that EPA published a NOFO on June 28, 2023, and a revised NOFO on August 31, 2023; the remainder of sentences one and two in paragraph 25 are a statement or

3

characterization of those documents, which are the best evidence of their contents.  The allegation that EPA "made other minor adjustments" constitutes plaintiff's characterization, to which no response is required.  Denies the allegations contained in the third sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.     Admits the allegations contained in paragraph 26 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27.     Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 27.  Admits the second sentence of paragraph 27.

28.     The allegations contained in the first sentence of paragraph 28 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required. Admits the allegations contained in the second sentence of paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29.     Admits the allegations contained in paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30.     Admits the allegations contained in the first and second sentences of paragraph 30.  Denies the allegations contained in the third sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to its truth.

31.     Admits the allegations contained in paragraph 31 to the extent supported by the

4

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32.     Admits that from October 2023 to April 2024, the EPA conducted the evaluation and selections phase for the Solar for All program; otherwise denies the allegations in the first sentence of paragraph 32.  Admits the allegations contained in the second sentence of paragraph 32 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33.     Admits.

34.     Admits the first sentence of paragraph 34, noting that the Initial Grant Agreements were dated in mid-July 2024.  Denies the allegations contained in the second sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36.     Admits the allegations contained within paragraph 36 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37.     The allegations contained in paragraph 37 constitute plaintiff's statement or conclusion of law, to which no answer is required.

38.     Regarding the first sentence of paragraph 38, admits that the initial grant agreement contained termination provisions.  Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and

avers that the quoted text reflects a portion of the termination provisions.  Otherwise denies the allegations contained in paragraph 38.

39.    The allegations contained in paragraph 39 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

40.    Admits.

41.    Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42.    Regarding the first sentence of paragraph 42, admits that plaintiff submitted work plans as required by the initial grant agreement; denies the remainder of sentence one in paragraph 42 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second and third sentences of paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. Denies the fourth sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to its truth.

43.    Admits that EPA issued Assistance Amendments in December 2024; the remainder of the first sentence in paragraph 43 constitutes plaintiff's characterization of its case, to which no response is required.  Denies the second sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to its truth.

44.    Regarding the first sentence of paragraph 44, admits that the amended grant agreement contained termination provisions.  Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions.  Otherwise denies the

6

allegations contained in paragraph 44.

45. The allegations in paragraph 45 constitute plaintiff's characterization of documents and conclusions of law, to which no response is required.

46. The allegations contained in paragraph 46 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

47. Admits.

48. Denies the allegations contained in the first sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 48. Denies the allegations contained in the third sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Admits the first sentence of paragraph 49. The allegations in the second sentence constitute a statement of law, to which no response is required.

50. The allegations contained in paragraph 50 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

51. Admits that plaintiff's funds were obligated prior to July 3, 2025. The remainder of paragraph 51 constitutes plaintiff's characterization of its case and conclusions of law, to which no answer is required.

52. The allegations contained in paragraph 52 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

53. Admits the allegations contained in paragraph 53 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54.    Admits the allegations contained in paragraph 54 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55.    Admits the allegations contained in the first sentence of paragraph 55 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. The allegations contained the second sentence of paragraph 55 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

56.    Admits the allegations contained in paragraph 56 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57.    Admits the allegations contained in paragraph 57 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58.    Denies.

59.    The allegations contained in paragraph 59 constitute plaintiff's characterization of its case and statement of law, to which no answer is required. Admits footnote 2 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

60.    Admits.

61.    The allegations contained in paragraph 61 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required.

62.    Admits the allegations in sentences one and two of paragraph 62.  Denies the third sentence of paragraph 62 for lack of knowledge or information sufficient to form a belief as to its truth.

63.     Admits the allegations contained in paragraph 63 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64.     Admits the allegations contained in paragraph 64 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65.     Admits the allegations contained in paragraph 65 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66.     The allegations in paragraph 66 constitute plaintiff's characterization of its case, to which no response is required.  Admits the screenshot of a post by Administrator Lee Zeldin to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

67.     The allegations contained in paragraph 67 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

68.     The allegations contained in paragraph 68 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

69.     Admits the allegations in the first sentence of paragraph 69.  Denies the second sentence of paragraph 69 for lack of knowledge or information sufficient to form a belief as to its truth.

70.     Admits the allegations contained in paragraph 70 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 70.

71.     Admits the allegations contained in paragraph 71 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 71.

72.     Admits the allegations contained in paragraph 72 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 72.

73.     The allegations contained in paragraph 73 constitute plaintiff's characterization of its case and statements of law, to which no response is required.

74.     The allegations contained in paragraph 74 constitute plaintiff's characterization of its case and statements of law, to which no response is required.

75.     Admits that the initial and amended grant agreements each contained termination provisions.  Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions.  Otherwise denies the allegations contained in paragraph 75.

76.     The allegations contained in paragraph 76 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

77.     Admits that up until the point of termination, the EPA did not allege that plaintiff was in substantial noncompliance with the terms and conditions of its grant agreement or material misrepresentation of eligibility status.  Otherwise denies the allegations contained in paragraph 77.

78.     The allegations contained in paragraph 78 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

79.    Admits the allegations contained in paragraph 79 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 79.

80.    Admits the allegations contained in paragraph 80 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81.    The allegations contained in paragraph 81 constitute plaintiff's conclusions of law, to which no response is required.

82.    The allegations contained in paragraph 82 constitute plaintiff's conclusions of law, to which no response is required.

83.    Admits the first sentence of paragraph 83.  Denies the allegations contained in the second sentence of paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84.    Admits the allegations contained in paragraph 84 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 84.

85.    Admits the allegations contained in paragraph 85 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 85.

86.    Admits the allegations contained in paragraph 86 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 86.

87.    The allegations contained in paragraph 87 constitute plaintiff's characterization of

11

its case, to which no response is required; otherwise denies the allegations contained in paragraph 87.

88.     Denies plaintiff's characterization that EPA "withdrew" grant funds from plaintiff's ASAP account.  Admits that, on August 7, 2025, EPA deobligated the amount of grant funds alleged in paragraph 88 that had been awarded to plaintiff.

89.     Admits.

90.     The allegations contained in paragraph 90 constitute plaintiff's characterization of its case, to which no response is required.

91.     Admits the allegations contained in paragraph 91 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 91.

92.     The allegations contained in the first sentence of paragraph 92 constitute plaintiff's characterization of its case, to which no response is required.  Denies the remaining allegations contained in paragraph 92 for lack of knowledge or information sufficient to form a belief as to their truth.

93.     Defendant incorporates by reference the responses to the allegations contained in the preceding paragraphs.

94.     The allegations contained in paragraph 94 constitute plaintiff's characterization of its case and statements of law, to which no response is required.

95.     The allegations contained in paragraph 95 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

96.     The allegations contained in paragraph 96 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

97. The allegations contained in paragraph 97 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

98. The allegations contained in paragraph 98 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

99. The allegations contained in paragraph 99 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

100. Admits that the amended grant agreement contained termination provisions. Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions. Otherwise denies the allegations contained in paragraph 100.

101. The allegations contained in paragraph 101 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

102. Admits.

103. The allegations contained in paragraph 103 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

104. The allegations contained in paragraph 104 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

105. The allegations contained in paragraph 105 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

106. Defendant incorporates by reference the responses to the allegations contained in the preceding paragraphs.

107. The allegations contained in paragraph 107 constitute plaintiff's statements of law, to which no response is required.

108.    The allegations contained in paragraph 108 constitute plaintiff's statements of law, to which no response is required.

109.    The allegations contained in paragraph 109 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

110.    The allegations contained in paragraph 110 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

111.    The allegations contained in paragraph 111 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

112.    Denies the allegations contained in paragraph 112 for lack of knowledge or information sufficient to form a belief as to their truth.

113.    The allegations contained in paragraph 113 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

114.    The allegations contained in paragraph 114 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

115.    The allegations contained in paragraph 115 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

116.    The allegations contained in paragraph 116 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

117.    The allegations contained in paragraph 117 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required.

Defendant denies each and every allegation not previously admitted or otherwise qualified.  Defendant further denies that plaintiff is entitled to the relief set forth in its prayer for relief immediately following paragraph 117, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      To the extent the district court litigation in *State of Arizona, et al. v. EPA*, No. 2;25-cv-2015 (W.D. Wash.), results in the reinstatement of plaintiff's grant or payment of grant funds, plaintiff's claims are barred in whole or in part by the defense of payment.

2.      Plaintiff's claims based on the amended grant agreement fail for lack of consideration.

3.      Plaintiff's claims are barred in whole or in part by the defense of frustration of purpose.

4.      Plaintiff's claims are barred in whole or in part by the defense of impossibility or impracticability.

5.      Plaintiff's claims are barred in whole or in part for failure to mitigate damages.

6.      Defendant reserves the right to assert additional affirmative defenses to the allegations set forth in the Complaint to the extent that they are warranted and/or applicable based on evidence developed during the course of discovery or at trial.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ALBERT S. IAROSSI
Assistant Director

OF COUNSEL:

Stephanie Rich
Jennifer Lin
U.S. Environmental Protection Agency

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 480

15

Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

April 30, 2026                    Attorneys for Defendant