IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARYLAND CLEAN ENERGY CENTER, | ) | |
| et al., | ) | Case No. |
| Plaintiffs, | ) | 25-1738C |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Via Teleconference

Monday, April 20, 2026

2:00 p.m.

Status Conference

BEFORE: THE HONORABLE LOREN A. SMITH

Transcribed by: Elizabeth M. Farrell, CERT

APPEARANCES:

ON BEHALF OF THE PLAINTIFFS:

LAUREN GORODETSKY, ESQ.
ADAM KIRSCHNER, ESQ.
Office of the Attorney General
State of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-7057
lgorodetsky@oag.state.md.us

ON BEHALF OF THE DEFENDANT:

CATHERINE YANG, ESQ.
U.S. Department of Justice - Civil Division
Post Office Box 480
Ben Franklin Station
Washington, DC 20044
(202) 514-4336
catherine.m.yang@usdoj.gov

P R O C E E D I N G S

\- - - - -

(Proceedings called to order.)

LAW CLERK: The Court of Federal Claims is now in session, the Honorable Loren A. Smith presiding.

May I please have a roll call for the record, starting with the Plaintiffs' counsel?

MS. GORODETSKY: Good afternoon. This is Lauren Gorodetsky from the Maryland Attorney General's Office representing Plaintiffs.

THE COURT: Okay. Good to have you with us.

And, Mrs. Yang, I believe?

MS. YANG: That's right. Good afternoon, Your Honor. This is Catherine Yang from DOJ on behalf of the United States.

THE COURT: Okay. Good to have you with us as well.

The purpose of the conference was to discuss whether we proceed with the case or we have a stay, and I've spent a while thinking about it. I appreciate both of your brief memoranda, which actually couldn't qualify as brief, but were useful for giving me your views.

I've decided I think we need to move ahead with this case. The case involved not super-complex

issues of breach of contract. But what I'd like to do now is set up a briefing schedule to file the summary judgment motion that Plaintiff had talked about before the break and before our pause.

So, Ms. Gorodetsky, when would you be able to file your motion for summary judgment?

MS. GORODETSKY: Thank you, Judge Smith. We would be prepared to file it as soon as possible. We would request, let's say, two weeks of time, but understanding that Defendant may want to file their answer before then and, you know, we would defer to them of how much time they would want for that, although I believe their initial request was one week after this Court were to lift the stay.

THE COURT: Okay. So the -- I can't remember the -- what was the stay date, Will?

LAW CLERK: I believe it was January 20th, although I don't have the docket in front of me right now that would --

THE COURT: No, the ending date.

LAW CLERK: The ending date was, I believe, tomorrow.

THE COURT: Okay. So why don't we have the Plaintiffs file their motion for summary judgment two weeks from this today? Is that acceptable?

MS. GORODETSKY: Yes, that would be acceptable for us, Your Honor, although I would be curious if you were intending to have Defendant file their answer before then or -- -- yeah, file the answer before then.

THE COURT: Okay. The Defendant will file an answer before then, and then the Government will respond 30 days from two weeks from now or two weeks from today. I'm not sure what -- Will, what date is that on the calendar?

LAW CLERK: Let me just do some quick math here, Judge. Thirty days after two weeks. I believe that would be June 3rd, the Government would be filing their response to the summary judgment motion.

THE COURT: Okay. Then the Plaintiff would have 14 days to file its reply.

Okay. So what -- we'll issue an order confirming these dates. So the dates, Will, are what now?

LAW CLERK: So if the Plaintiffs are filing their opening motion two weeks from today, that would be May 4th, and then if the Government is given 30 days to respond to the Plaintiffs' opening motion, they would be filing their response on June 3rd.

THE COURT: Okay.

LAW CLERK: And then two weeks after that for a reply by the Plaintiffs would be the 17th of June.

THE COURT: Okay. And we'll hold oral argument --

MS. YANG: Your Honor?

THE COURT: Yes?

MS. YANG: I'm sorry, Your Honor, this is Catherine Yang from the DOJ. I just wanted to ask if --

THE COURT: Yes.

MS. YANG: -- I wanted to ask a couple clarifying questions. One is whether the Court would be amenable to the Defendant having 45 days to respond to the summary judgment motion due to some significant conflicts that I have in that intervening time period, and a second question --

THE COURT: Okay.

MS. YANG: -- is when the Court would like the answer to be filed, again, also because the agency is going to need some time to get that in place.

THE COURT: Okay. Well, I think maybe the answer in the next 10 days.

MS. YANG: Ten days from today would be April 30th, I believe.

THE COURT: Yes.

MS. YANG: Okay.

THE COURT: Yes. And then I will give you the 45 days. I know it's obviously a complex case, and so I allow the 45 days for the other stuff you have to do. And we will then set oral argument after the briefs are in and that should be about -- around a week to two weeks after the briefs are in.

All right. Is there anything else we need to do today?

MS. GORODETSKY: Judge Smith, this is Lauren from the Attorney General of Maryland.

THE COURT: Yes.

MS. GORODETSKY: If possible for any adjustment to the schedule to maybe just have one or two more days on our end for the summary judgment --

THE COURT: Yes.

MS. GORODETSKY: -- just looking at the calendar from when the answer would fall over the weekend for us to respond to that.

THE COURT: Okay. What day do you want for the oral -- or for your deadline, rather, for the summary judgment?

MS. GORODETSKY: If the answer is due on the 30th, I think we would just ask for our deadline to be a week later, so May 7th.

THE COURT: Okay, that seems reasonable. I'll allow -- then the 30th will be the answer; May 7th will be the date Plaintiffs' summary judgment motion is due; Defendant's opposition or counter-motion will be due 45 days after that.

Will, what is the date of that?

LAW CLERK: That would be June 21st, although that's a Sunday. So we would give the Government until June 22 to file their response.

THE COURT: Okay. And then the Plaintiff would have 14 days -- make sure that works out not to a weekend -- fourteen days to file the reply brief.

MS. GORODETSKY: And, Your Honor, I guess I would also maybe ask for just one more week of time for our reply to be commensurate with the extension for the response brief.

THE COURT: Okay, that sounds acceptable.

Will, have you got that date?

LAW CLERK: So that would be July 13th for the Plaintiffs' reply.

THE COURT: Okay, okay. We'll issue an order with all of these dates so everyone is clear on them. And I don't know that there's any other business? Any other matters for the Plaintiffs?

MS. GORODETSKY: That is all from Plaintiffs.

Thank you, Judge Smith.

THE COURT: Anything from the Government?

MS. YANG: Nothing from the Government. Thank you.

THE COURT: Okay. Thank you. Thank you both. And I look forward to seeing you at oral argument sometime in the summer in July. Take care, all, and I look forward to talking to you all again.

MS. GORODETSKY: Thank you, Your Honor.

THE COURT: We are adjourned.

(Whereupon, the proceedings were adjourned.)

CERTIFICATE OF TRANSCRIBER

I, Elizabeth M. Farrell, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-titled matter.

DATE: 5/7/2026 S/Elizabeth M. Farrell

ELIZABETH M. FARRELL, CERT