IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARYLAND CLEAN ENERGY CENTER, et al.,<br>Plaintiffs,<br>and<br>VIRGINIA DEPARTMENT OF ENERGY,<br>Consolidated Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | Consolidated Nos. 25-1738C (lead)<br>26-268C<br><br>(Senior Judge Smith) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), and the Court's order dated August 7, 2026 (ECF No. 78), the parties in these consolidated actions respectfully submit this Joint Preliminary Status Report. Where necessary, the parties set forth separate views regarding issues on which they do not agree.

**(a) Does the Court have jurisdiction over this action?**

Plaintiffs state that this Court possesses jurisdiction over the claims pursuant to 28 U.S.C. § 1491.

Defendant states that it is not aware of any basis to contest jurisdiction.

**(b) Should the case be consolidated with any other case and, if so, why?**

*Maryland Clean Energy Center et al. v. United States*, No. 25-1738C ("*MCEC*"), has already been consolidated with *Virginia Department of Energy v. United States*, No. 26-268, with the former case being designated as the lead case in which all filings are to be made. The parties agree that the case should not be further consolidated with any other case.

**(c) Should the trial of liability and damages be bifurcated and, if so, why?**

**Plaintiffs' position**: Plaintiffs state that the trial of liability and damages should be bifurcated. Combining the legal and factual issues into one trial will require the Court to hear evidence of damages in quantum for all 25 Plaintiffs before any legal issues have been decided. While the federal government's position is that "the only issues in dispute in this case are whether each Plaintiff can prove actual damages and, if so, the amount of damages," it is notable that not once has the federal government conceded breach. In the absence of any rulings on liability, it would be best to bifurcate this matter to decide issues of liability first, including this Court's interest in the narrow issue of whether damages exist to support a breach of contract action.

To assist the Court in making this threshold determination most efficiently, Plaintiffs propose moving forward with a test trial on the existence of damages with 3 Plaintiffs—Maryland, Minnesota, and California—serving as exemplars. These proposed exemplars capture a diversity of Plaintiffs both in size of the state, program, and progress in development of their Solar for All programs, while keeping the number of exemplars manageable. Counsel for each exemplar is also available to represent their client in the coming months for discovery and trial. Plaintiffs submit that this approach will enable the Court to rule on the narrow issue of whether actual damages exist to support a contract action, to resolve questions on theories and models of damages that are common to the claims of all Plaintiffs, to help facilitate settlement discussions between the parties based on potential damages values, and to preserve judicial and party resources from the time- and resource-intensive undertaking of trying all 25 cases at this early stage. Thus, contrary to Defendant's suggestion of inefficiency, Plaintiffs' proposal would not unnecessarily lead to multiple rounds of discovery, but would instead streamline matters by addressing antecedent questions affecting all Plaintiffs while avoiding further delay and

unnecessary expense.

This approach is consistent with the Federal Circuit practice of using test cases to determine questions of liability and theories of damages. For instance, in the *Winstar* line of cases, the Federal Circuit decided common questions of liability first, and then relied on some cases "to air and test many of the models and theories at issue in most of the other cases. *Glendale Fed. Bank, FSB v. United States*, 43 Fed. Cl. 390, 393 (1999) (Smith, J.), *aff'd in part, vacated in part*, 239 F.3d 1374 (Fed. Cir. 2001). Here, too, Plaintiffs believe that questions of liability should be determined first, and that a trial of 3 exemplars would answer the threshold question of the existence of damages that would allow the Court to rule on Plaintiffs' outstanding motion for summary judgment as to liability under Count I. Indeed, Defendant's argument at summary judgment was that Plaintiffs cannot establish damages as a matter of law because they are too speculative. A decision on this threshold issue, as well as a ruling on Plaintiffs' theories and models of damages for the 3 exemplars, would provide guidance to "assist the court, and the parties, in disposing of the remaining cases as well," including on appeal. *Glendale Fed. Bank, FSB v. United States*, 239 F.3d 1374, 1376 (Fed. Cir. 2001). To be sure, each individual Plaintiff would ultimately have to prove their individual damages in quantum, upon resolution of those initial antecedent questions, but that is for a subsequent damages trial (if not otherwise resolved via settlement as informed by those antecedent questions)..

**Defendant's position**: Defendant states that the trial of liability and damages should not be bifurcated. Given that the only issues in dispute in this case are whether each Plaintiff can prove actual damages and, if so, the amount of damages, it would be inefficient and duplicative to hold a trial on whether actual damages exist, only to hold a later trial on the quantum of damages. The parties anticipate substantial, if not wholesale, overlap in the witnesses and

documents bearing on those issues, which Defendant submits further makes bifurcation a poor use of the Court's and the parties' limited resources. Instead, the parties should be permitted adequate time for discovery on each Plaintiff's claimed damages, including existence and quantum, with one trial scheduled at an appropriate future time. This approach would provide the parties additional information that could aid in facilitating potential settlement of this case, after Plaintiffs have provided all information pertinent to establishing the existence and amount of their damages.

Plaintiffs' proposed approach to select only 3 Plaintiffs "to demonstrate the existence and scope of damages" cannot be squared with the fact that there are 25 individual Plaintiffs in this action, each with a different damages claim. This case is not a class action and cannot be litigated as one without Plaintiffs having first satisfied the RCFC 23 requirements. Taking discovery on 3 Plaintiffs now will not establish the claims of the other 22 Plaintiffs, which will still require future rounds of discovery. Thus, Plaintiffs' proposed approach would ultimately take longer than the United States' approach of handling all damages issues together.[1] Further, given that there has been no discovery into all the Plaintiffs, the United States and the Court lack the information to assess whether Plaintiffs' selected "exemplars" are, in fact, representative. Plaintiffs' citation to *Glendale Federal Bank, FSB v. United States*, 43 Fed. Cl. 390, 393 (1999), only highlights this Court's concern that "[t]he mandate of due process required this court to allow the parties a full opportunity to litigate," including through full discovery prior to trial.

[1] Plaintiffs also have not committed, in the event of an unfavorable decision by the Court regarding their 3 "exemplars," to binding the remaining 22 plaintiffs to that judicial determination. Thus, plaintiffs' approach would mean an initial round of discovery into their 3 exemplars, only to be followed by a second round of discovery into the remaining 22 plaintiffs, then followed by a third round of discovery into quantum. That is not efficient.

**(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

**<u>Plaintiffs' position</u>**: Plaintiffs state that further proceedings in these consolidated cases should not be deferred pending consideration of any other case. The parties have already briefed the issue of whether this case should be stayed pending resolution of the district court action in *State of Arizona et al. v. EPA*, No. 2:25-cv-02015 (W.D. Wash.), *see* ECF 50, 52, 56, 57, 64, 65, and this Court ultimately decided to allow this case to proceed. Plaintiffs submit that the appeal in the U.S. Court of Appeals for the Ninth Circuit does not change any of the previous considerations—namely, the legal issues are distinct, the relief sought in the district court (vacatur of policy decision) does not overlap with relief sought in this Court (monetary damages), and any additional delay would harm Plaintiffs in their ability to recover significant monetary damages. Further, notwithstanding the federal government's position that damages are "the only disputed issue in this case," there have been no legal determinations of liability, and the federal government has not conceded breach.

**<u>Defendant's position</u>**: Defendant states that further proceedings in these consolidated cases should be deferred pending resolution of Plaintiffs' appeal in *State of Arizona, et al. v. EPA*, 26-4975 (9th Cir.), which concerns the same grants at issue here and, if Plaintiffs are successful there, will affect the only disputed issue in this case – damages. Plaintiffs have stated that if they obtain their desired relief from district court, they "anticipate that expectation damages in the Court of Federal Claims will be pretty small." *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015, ECF No. 120 at 8 (W.D. Wash. Jan. 13, 2026); *see also id.*, ECF No. 153 at 18 (W.D. Wash. May 21, 2026) ("if EPA were to turn back on these programs, that duplication can properly and should properly be worked out in the damages phase of the Court of Federal

Claims [case]”). Before this Court, Plaintiffs have acknowledged that “what happens in the District Court could ultimately impact the amount of damages here,” such that damages “may be lessened.” ECF No. 60 at 12. Thus, any relief obtained through that parallel action – reinstatement of Plaintiffs’ grants – will affect the damages available from this Court, which is the only disputed issue in this case. It is inefficient to litigate two parallel cases over the same grants in two different courts at once.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No. The parties do not intend to seek a remand or suspension.

**(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

No. The parties do not anticipate joining additional parties.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Defendant anticipates filing a RCFC 12(c) motion regarding Count II (breach of the duty of good faith and fair dealing), unless that claim is withdrawn. Plaintiffs are not prepared to withdraw Count II absent a legal finding on Count I as to liability. The parties propose to submit a briefing schedule regarding any RCFC 12(c) motion at an appropriate later date, which will conclude early enough not to delay trial. Defendant does not anticipate filing a RCFC 12(b) motion.

Plaintiffs’ motion for summary judgment on liability on Count I is currently pending. The parties may file additional motions for summary judgment after the conclusion of all discovery and propose that the parties submit a briefing schedule following the close of discovery.

**(h) What are the relevant factual and legal issues?**

Plaintiffs state that the relevant factual and legal issues are whether Defendant entered into contracts with Plaintiffs, whether Defendant had a duty under those contracts, whether Defendant breached a duty under those contracts, whether each individual Plaintiff has suffered actual damages, and the quantum of each Plaintiff's damages. Plaintiffs further submit that all these factual and legal questions are still relevant until the Court rules on them, notwithstanding Defendant's position that the only issue in dispute is damages.

Defendant states that the relevant factual and legal issues are whether each individual Plaintiff has suffered actual, cognizable damages from EPA's termination of their grant agreement and, if so, each individual Plaintiff's quantum of damages.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties are open to settlement discussions and mediation but believe that discovery into Plaintiffs' claimed damages is needed to facilitate a productive alternative dispute resolution process.

Plaintiffs propose discovery be limited to the 3 exemplar Plaintiffs. While each Plaintiff will ultimately have to prove its damages in quantum, the theories and models of damages will be similar, and this information can inform this Court's decision on whether any Plaintiff can satisfy the narrow question of whether damages exist and whether Plaintiffs' theories are speculative, which can also inform settlement discussions..

Defendant states that discovery into all 25 Plaintiffs must be permitted. This case is not a class action, and each individual Plaintiff has a distinct damages claim – including distinct existence and individualized quantum – that it needs to prove.

**(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

In the absence of the resolution of this case through dispositive motions or settlement, the parties anticipate proceeding to trial. The parties agree that an expedited trial is not appropriate – beyond Plaintiffs' position that an exemplar trial on damages is appropriate at this time, and Defendant's position that an "exemplar trial on damages" is not appropriate.

**(k) Are there special issues regarding electronic case management needs?**

There are no special issues at this time regarding electronic case management needs. The parties will negotiate in good faith should any issues arise.

**(l) Is there other information of which the court should be aware at this time?**

The parties held an early meeting of counsel on September 4, 2026, and September 11, 2026.

The parties may seek a protective order in this case to protect the exchange of proprietary materials in discovery. Any protective order will include a non-waiver agreement consistent with Federal Rule of Evidence 502(d).

The parties agree to serve initial disclosures, identifying the items required by RCFC 26(a)(1)(A)(i) through (iii), on each other by September 30, 2026.

The parties agree to accept service of discovery by email.

The parties agree that both parties may take more than 10 depositions in this case, given the 25 Plaintiffs party to this case. The parties agree to negotiate in good faith regarding depositions.

**<u>Proposed Discovery Plan</u>**

The parties have discussed the procedural posture of this case. Given the number of

Plaintiffs (25 Plaintiffs) and Defendant's counsel's upcoming pre-planned leave,[2] the parties agree it is not feasible to hold a trial within the period tentatively contemplated in the Court's scheduling order, ECF No. 78.

**Plaintiffs' position**: Plaintiffs' position is that, for the reasons stated in section (c), it would be more efficient to proceed with an evidentiary trial for 3 exemplar Plaintiffs to demonstrate the existence, models, and theories of damages. Proceeding to a full damages trial, as the federal government suggests, would push a trial to almost 2 years after Plaintiffs filed this lawsuit. And in that time, there will have been no finding of breach nor any determination as to whether damages exist to support a contract action. Such a protracted delay would require the parties to expend considerable resources, which could be avoided with a test trial.

Accordingly, Plaintiffs propose the following discovery schedule that would apply to a trial for 3 exemplars. This approach allows for simultaneous fact and expert discovery; allows 5 weeks for a rebuttal report, which is consistent with the 30 days contemplated by RCFC 26(a)(2)(D)(ii); and reflects an approach of a condensed test trial that is intended to answer a narrow threshold question asked by the Court:

| Date | Event |
|---|---|
| September 16, 2026 | Status Conference |
| +2 weeks<br>September 30, 2026 | Initial disclosures pursuant to RCFC 26(a)(1) |
| + 5 weeks<br>November 4, 2026 | Plaintiffs identify expert(s) and serve expert report(s) |

[2] Defendant's counsel will be out of office beginning September 24, 2026, for her wedding and subsequent travel abroad, returning October 19, 2026.

| | |
|---|---|
| + 5 weeks<br><br>December 9, 2026 | Defendant identifies rebuttal expert(s) and serves rebuttal expert report(s) |
| + 4 weeks<br><br>January 6, 2027 | Completion of fact and expert discovery, including depositions |
| + 1 week<br><br>January 11, 2027 | Parties file a joint status report indicating how this case shall proceed, with a proposed schedule as appropriate |
| + 1 week<br><br>January 18, 2027 | Tentative trial |

**Defendant's position**: Defendant's position is that, because the only issues in dispute in this case are whether actual damages exist for each Plaintiff and, if so, the amount of any such damages, it would be more efficient to develop the evidence on those issues in the normal course, rather than in piecemeal and duplicative fashion. As stated in section (c) above, the parties anticipate substantial, if not wholesale, overlap in the witnesses and documents bearing on the damages issues, and 25 Plaintiffs – not 3 Plaintiffs – have brought this action seeking individual damages. Defendants are entitled to discovery on all 25 Plaintiffs' claimed damages.

Moreover, Plaintiffs' proposed schedule does not provide the United States sufficient time for discovery, and it inappropriately imposes expert discovery deadlines far too early in the discovery process. Specifically, Plaintiffs' schedule would require the United States to designate experts and serve expert reports a mere two months after exchanging initial disclosures, and two months *before* fact discovery would close. Requiring the exchange of expert reports only weeks after discovery begins, and long before fact discovery ends, would deprive any expert of the benefit of necessary information – which is especially prejudicial to the United States here, as the

Plaintiffs hold the information pertinent to their damages.

Accordingly, Defendant proposes the following discovery schedule to govern one round of discovery into both existence and quantum of damages for all 25 Plaintiffs:

| **Date** | **Event** |
|---|---|
| September 30, 2026 | Initial disclosures pursuant to RCFC 26(a)(1) |
| July 1, 2027 | Completion of fact discovery |
| + 8 weeks<br><br>August 26, 2027 | Plaintiffs identify expert(s) and serve expert report(s) |
| + 8 weeks<br><br>October 21, 2027 | Defendant identifies rebuttal expert(s) and serves rebuttal expert report(s) |
| + 8 weeks<br><br>December 16, 2027 | Completion of expert discovery, including depositions |
| + 2 weeks<br><br>December 30, 2027 | Parties file a joint status report indicating how this case shall proceed, with a proposed schedule as appropriate |

September 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ALBERT S. IAROSSI
Assistant Director

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

Attorneys for Defendant

**ANTHONY G. BROWN**
ATTORNEY GENERAL OF MARYLAND

By: */s/ Lauren Gorodetsky*
Lauren Gorodetsky*
Keith M. Jamieson*
*Assistant Attorneys General*
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-7057
LGorodetsky@oag.maryland.gov
kjamieson@oag.maryland.gov

*Counsel for the Maryland Clean Energy Center*

**KRISTIN K. MAYES**
ATTORNEY GENERAL OF ARIZONA

By */s/ Joshua A. Katz*
Mary M. Curtin
*Senior Litigation Counsel*
Joshua A. Katz*
*Assistant Attorney General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
(602) 542-7000
Mary.curtin@azag.gov
Joshua.Katz@azag.gov

*Counsel for the State of Arizona*

**ROB BONTA**
ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Dylan C. Redor*

**PHILIP J. WEISER**
ATTORNEY GENERAL OF COLORADO

By: */s/ Carrie Noteboom*

Dylan C. Redor*
Theodore A. McCombs
Marie Logan
Rebecca Hunter
*Deputy Attorneys General*
Abigail Blodgett
Myung Park
*Supervising Deputy Attorneys General*
California Department of Justice
300 S. Spring St.
Los Angeles, CA 90013
(213) 269-6706
dylan.redor@doj.ca.gov
marie.logan@doj.ca.gov

*Counsel for the California Public Utilities Commission*

Carrie Noteboom
*Assistant Deputy Attorney General*
David Moskowitz*
*Deputy Solicitor General*
Cynthia Vitale
*Assistant Attorney General*
Colorado Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
Carrie.Noteboom@coag.gov
David.Moskowitz@coag.gov
Cynthia.Vitale@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
ATTORNEY GENERAL OF CONNECTICUT

By: */s/ Jill Lacedonia*
Jill Lacedonia*
*Assistant Attorney General*
Connecticut Office of the Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5250
jill.lacedonia@ct.gov

*Counsel for the State of Connecticut*

**BRIAN L. SCHWALB**
ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA

By: */s/ William Stephens*
William Stephens*
*Assistant Deputy Attorney General*
Lauren Marks
Lauren Cullum
*Special Assistant Attorneys General*
Office of the Attorney General for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
William.Stephens@dc.gov
Lauren.marks@dc.gov
lauren.cullum@dc.gov

*Counsel for the District of Columbia*

**ANNE E. LOPEZ**
ATTORNEY GENERAL OF HAWAIʻI

By: */s/ Kalikoʻonālani D. Fernandes*
Kalikoʻonālani D. Fernandes*
*Solicitor General*
Hawaiʻi Department of the Attorney General
425 Queen Street

**KWAME RAOUL**
ATTORNEY GENERAL OF ILLINOIS

By: */s/ Katharine Roller*
Katharine Roller*
*Complex Litigation Counsel*
Elizabeth B. Scott*
*Assistant Attorney General*

Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawai'i*

**OFFICE OF THE GOVERNOR *ex rel.* ANDY BESHEAR**
IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF KENTUCKY

By: */s/ S. Travis Mayo*
S. Travis Mayo
*General Counsel*
Laura C. Tipton
*Deputy General Counsel*
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov

*Counsel for the Office of the Governor*

Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 519-1842
Katharine.roller@ilag.gov

*Counsel for Illinois Finance Authority*

**AARON M. FREY**
ATTORNEY GENERAL OF MAINE

By: */s/ Caleb Elwell*
Caleb E. Elwell
*Assistant Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8545
Caleb.elwell@maine.gov

*Counsel for the State of Maine*

**ANDREA JOY CAMPBELL**
ATTORNEY GENERAL OF MASSACHUSETTS

By: /s/ Amy Laura Cahn
Amy Laura Cahn*
*Special Assistant Attorney General*
Terrence Vales
*Assistant Attorney General*
Katherine Dirks*
*Chief State Trial Counsel*
Vanessa Arslanian
*State Trial Counsel*
One Ashburton Place
Boston, MA 02108
(617) 963-2277
amy.laura.cahn@mass.gov
terrence.vales@mass.gov
katherine.dirks@mass.gov

**DANA NESSEL**
ATTORNEY GENERAL OF MICHIGAN

By: */s/ Neil Giovanatti*
Neil Giovanatti*
Polly Synk*
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
SynkP@michigan.gov

*Counsel for the State of Michigan*

vanessa.arslanian@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**KEITH ELLISON**
ATTORNEY GENERAL OF MINNESOTA

By: */s/ Ryan Pesch*
Ryan Pesch
Cat Rios-Keating
*Special Assistant Attorneys General*
Brian Carter
*Special Counsel*
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-728-7116
ryan.pesch@ag.state.mn.us
catherine.rios-keating@ag.state.mn.us
brian.carter@ag.state.mn.us

*Counsel for the State of Minnesota*

**AARON D. FORD**
ATTORNEY GENERAL OF NEVADA

By: /s/ K. Brunetti Ireland
K. Brunetti Ireland*
*Chief Deputy Attorney General*
*Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for Nevada Clean Energy Fund*

**JENNIFER DAVENPORT**
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Daniel Resler*
Daniel Resler
Lauren E. Van Driesen
Jack Ventura
*Deputy Attorneys General*
Office of the Attorney General
33 Washington Street, Ninth Floor
Newark, NJ 07101
(973) 648-4726
Daniel.Resler@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
ATTORNEY GENERAL OF NEW MEXICO

By: */s/ J. Spenser Lotz*
J. Spenser Lotz*
*Assistant Attorney General*
Environmental Protection Bureau
201 Third St. NW, Suite 300
Albuquerque, NM 87102
(505) 616-7560
slotz@nmdoj.gov

*Counsel for the State of New Mexico*

**LETITIA JAMES**
ATTORNEY GENERAL OF NEW YORK

By: */s/ Matthew Eisenson*
Matthew Eisenson*
*Assistant Attorney General*

**JEFF JACKSON**
ATTORNEY GENERAL OF NORTH CAROLINA

**LAURA HOWARD**
CHIEF DEPUTY ATTORNEY GENERAL

Kelsea Suarez*
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
(212) 416-8481
matthew.eisenson@ag.ny.gov

*Counsel for the New York State Energy Research and Development Authority*

By /s/ Daniel P. Mosteller
*Associate Deputy Attorney General*
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
(919) 716-6026
dmosteller@ncdoj.gov
*Counsel for the State of North Carolina*

**DAN RAYFIELD**
ATTORNEY GENERAL OF OREGON

By: */s/ Coby Howell*
Coby Howell
*Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
coby.howell@doj.oregon.gov

*Counsel for the State of Oregon*

**PENNSYLVANIA ENERGY DEVELOPMENT AUTHORITY**

By: */s/ Michael J. Heilman*
Michael J. Heilman
*Litigation Coordinator*
Michael A. Braymer
*Chief Counsel*
Pennsylvania Department of Environmental Protection
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222
Phone: 412-442-4241
Email: mheilman@pa.gov

*Counsel for Pennsylvania Energy Development Authority*

**PETER F. NERONHA**
ATTORNEY GENERAL OF RHODE ISLAND

By: */s/ Nicholas M. Vaz*
Nicholas M. Vaz
*Special Assistant Attorney General*
Office of the Attorney General
Environment and Energy Unit Chief
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Counsel for the State of Rhode Island*

**CHARITY R. CLARK**
ATTORNEY GENERAL OF VERMONT

By: */s/ Jonathan T. Rose*
Jonathan T. Rose*
*Solicitor General*
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

**NICHOLAS W. BROWN**
ATTORNEY GENERAL OF WASHINGTON

By: */s/ C. L. Junine So*
C. L. Junine So*
Sarah E. Smith-Levy*

Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
(206) 464-7744
junine.so@atg.wa.gov
sarah.e.smith-levy@atg.wa.gov
*Counsel for the State of Washington*

**WISCONSIN ECONOMIC DEVELOPMENT CORPORATION**

By: */s/ Jennifer H. Campbell*
Jennifer H. Campbell
*Chief Legal Officer*
2352 S. Park St., Suite 303
Madison, WI 53713
(608) 210-6811
jennifer.campbell@wedc.org

*Counsel for Wisconsin Economic Development Corporation*